Proceeding to the fifth case, Cummings v. United States. Ms. Fite. Did I get that pronunciation right? Fite, that's right. And may it please the court, this case deals with two issues, retroactivity and procedural defaults. And both of those are threshold matters in this 2255 case. So retroactivity doesn't entitle anyone to relief, it just means that we can cite to a new rule as precedent in our case. And it's our position that retroactivity is really, really easy here because the Supreme Court already decided it in Welch, where they decided that Johnson's new rule is retroactive to cases on collateral review. Now, the government says that Cummings' claim, which I usually just call a Johnson claim, is not really a Johnson claim. But there's no precedent for parsing a new rule into a whole bunch of new rules, depending on the context in which it's being raised. Is it a pending case before the Supreme Court of Echols? That's right, Your Honor. It's still pending? It's still pending. They've had oral argument. They had oral argument in November, that's right. Why shouldn't we wait to see what they have to say? Well, I think practically they probably will make a decision before this court could. But, you know, the court could do a lot of things in Echols, and certainly some of those things would effectively moot this case, other things would not. And so it's really not clear, and Mr. Cummings at this point has been in prison for we ought to wait and see what they say so we don't do ours contrary to them. You absolutely have the right to, Your Honor. But, again, I think practically speaking they probably will issue a decision before this court. Will what? Will issue a decision before this court does since it heard argument back in November. We're pretty fast sometimes. You are? Well, and I hope you are in this case. You know, assuming this case does get to retroactivity, I think the Begay-Chambers line of cases is really the most relevant out of this court. So Begay and Chambers were both limiting the application of ACCA's residual clause. And afterwards in a series of cases this court held that it was retroactive for ACCA cases, for guidelines cases, there certainly wasn't some notion that in the career offender cases we were talking about a different rule. The petitioners could rely on Begay and then the court could move on. That doesn't mean that everybody won, of course, but the court was able to consider the underlying issue. Now, of course, before this court could consider an underlying issue, there's a second issue here of procedural default. And potentially, even if Beckles does rule on retroactivity, assuming they rule in favor of the defendant in that case, procedural default would still be a live issue. And Cummings is relying on the Reed versus Ross standard as good cause for his default. And I think we agree with the government that mere futility doesn't excuse a default. The fact that you wouldn't have won doesn't excuse a default. But under Reed, if a Supreme Court has foreclosed an issue or if circuit precedent has foreclosed an issue, not one circuit, but many circuits, if there's nothing to rely on, then at the time of direct appeal, we don't penalize defendants for not raising that issue. In fact, we don't want, certainly you don't want, every single criminal defendant to appeal. And when they do, you don't want them to raise every issue that they can possibly think of that might someday gain recognition and overturn earlier precedent. So in this case, with Johnson, it overturned two prior Supreme Court cases, one of which came out nearly simultaneous to the sentencing in this case, and reversed a unanimous body of circuit court opinion that it was true that it was unanimous before Cummings was sentenced as well. And at this point, dozens and possibly hundreds, I didn't count all of them, district court judges have reached the exact same conclusion that Judge Stattmuller reached in this case, which is that a Johnson claim like Cummings meets the Reed v. Ross standard. Another point I want to make in relation to the government's argument here, it's interesting because it's relevant to both, is that their arguments would lead to an increased complexity in what I think is already pretty complex litigation and could be unworkable for the courts on the retroactivity issue. If we are deciding retroactivity, not necessarily on a case-by-case system, but claim-by-claim, certainly we wouldn't just be talking about this case, which is advisory guidelines, you'd see mandatory guidelines, 924C cases, 16B cases, which this court has already held Johnson does apply to. Things would get very, very complicated with retroactivity. It wouldn't, in some ways you could say that it increases finality, but it would explode the litigation in this area. And then on procedural default, you have increased litigation at a different level because that's, you know, we criminal defense attorneys would know that we do need to raise everything we can think of in order to preserve a claim for a potential 2255 in the future. Judge Stattmuller had a pretty long opinion here, lamenting a lot about the fact that he thought he should have a shorter sentence. And yet he said, I guess he's stuck with Hawkins, and that's the result. We'll hear from the other side on it. But, I mean, that's just an interesting observation that he would rather give a lower sentence, but he can't. It is an unusual decision, and, you know, I think the briefs fully cover the Narvaez-Hawkins matter, so I won't get into that. But, you know, at this point, Judge Stattmuller and the parties all agree that Chris Cummings is not a career offender. He wouldn't be considered a career offender today. So we're asking the court to reverse and remand to give Judge Stattmuller the opportunity to look at that sentence again. But would he have to overrule something? You would not have to overrule anything, Your Honor. Okay. Thank you, Ms. Knight. Mr. Tableson. Thank you. May it please the court, my name is Benjamin Tableson, and I represent the United States. This appeal is about the advisory sentencing guidelines. The Johnson case was about a sentencing statute that is a simple distinction, but it is a fatal one for this appeal, both for timeliness reasons and as to retroactivity. For the appeal to be timely, the Supreme Court has to have made a new rule and made it retroactive. As the appellant concedes, he cannot rely on the logic in Hurlburt, so instead he must rely exclusively on Johnson. For that to work, Johnson has to have dictated the result in this case. It has to have made the Hurlburt decision unnecessary because under the new rule standard, no reasonable jurist could have disagreed that Johnson required Hurlburt. But of course we know that decision went en banc here for judges who did disagree. It's not to say Hurlburt was wrongly decided, just that it was an open question and required an extension of the logic of Johnson. It's also why the Supreme Court is hearing buckles to determine both the issue that was in Hurlburt and the issue that's here. As for retroactivity, the court below got it right. As did this court in the Conrad case, which is precisely on point. Conrad was an ex post facto claim, a constitutional claim, about the advisory sentencing guidelines. And this court said, to call an increase in sentence length, however effectuated procedural fatigue purposes, might seem like a misuse of the word. But the Supreme Court has reserved the label substantive for rules that change the sentence a judge can lawfully impose, not the manner in which the sentence is imposed or determined. That's exactly on point. The Conrad case cites favorably to Hawkins. It says Hawkins is a comparable case. And then it cites Teague. And the point is that the Hurlburt logic is prospective, and the Conrad logic is a retroactivity analysis and applies Teague and takes into consideration the enormously important finality interest of the system and makes reference to the fact that if these claims are allowed retroactively, the floodgates will open and thousands of resentencing appeals will flow through them. A quick note on procedural default. Judge Thad Miller, who is exactly right, as I said, on retroactivity, was in error with respect to default. He said that there was cause for Cummings' procedural default because James had been decided and made vagueness challenges impermissible. James was decided months after Cummings' sentence came down. So Cummings most certainly could have raised the vagueness challenge. James was later. There was no impediment to him raising that challenge. At the end of the day, Mr. Cummings' appeals, because he believes his drive-by shooting should not have been treated at sentencing, is a crime of violence. If the Supreme Court in Beckles makes a new rule, retroactive, that allows him to do so, he can do so then. Until then, it seems to the government that finality in this case should not be disturbed. If you have no questions. Thank you. Next slide. Thank you. I'll just respond to a few points. He says that Johnson has to dictate the result, as if in each case, the Supreme Court case has to both apply retroactively and absolutely mean that you win. But I think, as I covered in the briefs, Stringer v. Black, Sawyer v. Smith, if you have a new rule of constitutional law, then that's part of the body of law that we get to rely on now. So you can extend new law into new circumstances. And the government is really talking about sort of an imaginary case in which the Supreme Court has ruled that Johnson applies to the guidelines. I suppose it could be talking about Beckles in the future. I absolutely would expect the government to argue, assuming Beckles agrees with this court's Hurlburt opinion, that that's not a new rule because that rule follows directly from Johnson, which is exactly what this court said in Hurlburt. And then in terms of comparing this case to Conrad, which talked about Pew, there was no Welch talking about Pew. I mean, here we have a Supreme Court case holding that Johnson's new rule is retroactive. So it's not for this court to do the initial retroactivity decision. If it did, it would be of Johnson's new rule. But, of course, the Supreme Court has already done that. Two more very quick things in terms of when his sentencing was in relation to Johnson. It was about a month after his sentence became final. Actually, I think a little less than a month. The judgment was issued at the very end of February. James came out in early April. Before any brief could be filed, certainly James had foreclosed it. But at that time, it was already foreclosed by a solid wall of circuit precedent. So there was absolutely nothing that he could have relied on to raise the claim he's raising now. And then finally, in terms of the floodgates, I'll just point out that actually in most of the circuits, there have been at least some district. I mean, in the end, it's a pretty big number. District courts who granted motions like this went straight to resentencing and already mostly lowered sentences but certainly did the resentencings. And in the appellant's or the petitioner's brief in Beckles, there's an appendix listing those. It's many, many cases. It has not shut down the federal judiciary. Thank you. Thanks to both counsel. The case is taken under advisement.